UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

LAVERE LEE-BRYANT #337291,

                         Plaintiff,                       Case No. 2:08-cv-137

v.                                                    Honorable R. Allan Edgar

B. HALL, et al.,

                         Defendants.

_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff Lavere Lee-Bryant #337291, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer B. Hall, Sergeant Unknown Tesserman, and Investigator Dan Durant, all of whom are employed by the MDOC at the Chippewa Correctional Facility (URF). Plaintiff also sues Defendants Richard Stapleton, who is employed by the MDOC as Administrator at the Hearing and Rules Office, and Michigan Parole Board Members Stephen DeBoer and Charles E. Braddock.

Plaintiff alleges that on August 30, 2005, Defendant Hall demanded a "pat down" search of Plaintiff, who was exiting the area. Defendant Hall asked to see Plaintiff's identification, and Plaintiff explained that an officer had previously taken his identification and had refused to return it. Defendant Hall excused Plaintiff and he returned to the unit. Defendant Hall then wrote a major misconduct on Plaintiff for being out of place, stating:

> . . . this officer conducted a routine shakedown on Prisoner Lee-Bryant #337291 . . . and could not find a state ID card to be in his possession. Lee-Bryant stated to this officer "that another officer had taken his ID card during the breakfast meal." Lee-Bryant did not have a pass to be in the Chow Hall for the lunch meal . . .

(*See* Plaintiff's complaint, ¶ 3.)

Plaintiff states that Defendant Hall knew that being out of place is not a rule violation for the purpose of instituting "judicial civil penal proceedings." On August 31, 2005, Defendant Tesserman administered a review hearing and assigned Defendant Durant as investigator for the incident. On September 7, 2005, Defendant Durant interviewed Plaintiff, who requested Resident Unit Officer Blamer as a witness. Plaintiff claims that Blamer knew he did not have his ID, but directed him to go to the Chow Hall anyway. Plaintiff also sought L. Hough and Resident Unit

Officer D. Sindles as witnesses to the fact that an officer had taken his ID card and had refused to return it.  Plaintiff further submitted his statement of the facts.

Plaintiff alleges that on September 8, 2005, Defendant Durant asked each witness three questions in lieu of asking the questions Plaintiff had requested.   The questions were:

> 1.    Did prisoner Lee-Bryant 337291 tell you that he did not have a ID card on 8/30/05?, prior to 1244 hrs?
>
> 2.    If yes, did prisoner Lee-Bryant 337291 ask you for a temporary ID card to go to lunch on 8/30/05?
>
> 3.    If yes, did you write a temporary ID out for him?

(*See* Plaintiff's complaint, ¶ 7.)  Plaintiff states that Sindles and Hough answered "no" to each question and that Blamer answered "yes" to question 1, but "no" to the remaining questions.

On September 14, 2005, Defendant Theut conducted a hearing on the misconduct ticket and found Plaintiff guilty.  Defendant Theut found that it was no defense that Plaintiff's ID had been taken because Plaintiff was required to obtain a temporary ID when leaving the housing unit.  Defendant Theut sentenced Plaintiff to seven days on top lock and the loss of seven days of disciplinary time.  In addition, a copy of the misconduct ticket and hearing report was forwarded to the Parole Board.  Defendant Stapleton denied Plaintiff's request for a rehearing.  On October 10, 2006, Defendants Braddock and DeBoer denied Plaintiff parole.  On February 27, 2008, Cheryl Soeltner refused Plaintiff's Freedom of Information Request for the full first names of Defendants Hall and Tesserman, as well as for witnesses Blamer and Sindles.

Plaintiff claims that Defendants' conduct violated his rights under the Eighth, Thirteenth and Fourteenth Amendments.  Plaintiff seeks compensatory and punitive damages, as well as declaratory relief.

II.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff claims that Defendants violated his due process rights with regard to his major misconduct conviction. Section 1983 provides a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by any person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C. § 1983. The Supreme Court, however, has limited the availability of § 1983 actions for prisoners in a series of cases, the most pertinent of which is *Heck v. Humphrey*, 512 U.S. 477 (1994). The Sixth Circuit recently explained the bar that *Heck* places on § 1983 suits brought by prisoners:

> Federal courts have long recognized the potential for prisoners to evade the habeas exhaustion requirements by challenging the duration of their confinement under 42 U.S.C. § 1983, rather than by filing habeas petitions. Consequently, the Supreme Court recognized a "habeas exception" to § 1983 in *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), when it held that suits challenging the fact or duration of confinement fall within the traditional scope of habeas corpus and accordingly are not cognizable under § 1983. The Court expanded the habeas exception to § 1983 in

- 4 -

> *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383
> (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137
> L.Ed.2d 906 (1997). In *Heck*, the Court determined that, unless a
> prisoner's conviction or sentence were previously set aside by a
> separate legal or administrative action, § 1983 would not countenance
> claims for damages if a finding for the plaintiff would necessarily
> invalidate a conviction or sentence. And in *Balisok*, the Court
> concluded that a prisoner cannot use § 1983 to challenge prison
> procedures employed to deprive him of good-time credits when the
> ... procedural defect alleged would, if established, "necessarily imply
> the invalidity of the punishment imposed." 520 U.S. at 648, 117 S.
> Ct. at 1584.

*Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007) (emphasis in original).

Plaintiff claims that he was falsely convicted of the major misconduct conviction. Therefore, his claim necessarily implies the invalidity of the punishment imposed so that the *Heck-Edwards* bar applies.

In addition, Plaintiff's equal protection claim is entirely conclusory and is properly dismissed for lack of merit. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Plaintiff's allegations on this point are wholly conclusory. Plaintiff provides no specific factual allegations to support his contention. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Lillard v. Shelby County Bd. of Educ.*, 76 F .3d 716, 726 (6th Cir.1996); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir.1986); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir.1985); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000), *cert. denied*, 121 S. Ct. 1616 (2001).

- 5 -

Plaintiff also claims that Defendants' conduct violated the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. In the opinion of the undersigned, Plaintiff's allegations do not rise to the level of an Eighth Amendment violation.

Plaintiff claims that Defendants Braddock and DeBoer improperly denied him parole due to misconduct convictions. He fails to raise a claim of constitutional magnitude. Plaintiff has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7; *Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to

release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's Parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581 (6th Cir. March 24, 2004); *Martin v. Ohio Adult Parole Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Michigan Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999). Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Michigan Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Accordingly, Plaintiff has no liberty interest at stake.  Because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights.  *See Sweeton*, 27 F.3d at 1164-65.

Finally, Plaintiff claims that the conduct of Defendants Braddock and DeBoer in denying him parole constitute involuntary servitude in violation of the Thirteenth Amendment. However, compelling prisoners to work does not violate the Thirteenth Amendment. *Ray v. Mabry*, 556 F.2d 881 (8th Cir. 1977).  Therefore, the mere denial of parole is not sufficient to constitute involuntary servitude.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

 /s/ Timothy P. Greeley                                    
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  July 15, 2008

## <u>NOTICE TO PARTIES</u>

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).